Yunga Robles v. Blanche

BIA
DeCure, IJ
A220 290 223/224/225

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of August, two thousand twenty-six.

PRESENT:
        RAYMOND J. LOHIER, JR.,
           *Chief Judge*,
        GERARD E. LYNCH,
        MYRNA PÉREZ,
           *Circuit Judges.*

_____

EDWIN JAVIER YUNGA ROBLES,
VIVIANA ELIZABETH PAUCAR
SALAZAR, A.S.Y.P.,
      *Petitioners*,

        v.                                 **23-7991**
                                         **NAC**

TODD BLANCHE, UNITED STATES
ATTORNEY GENERAL,

*Respondent.*\*

_____

FOR PETITIONERS:               Joshua Bardavid, Esq., New York, NY.

FOR RESPONDENT:                Brian Boynton, Principal Acting Assistant
                               Attorney General; Song Park, Assistant
                               Director; Elizabeth K. Ottman, Trial Attorney,
                               Office of Immigration Litigation, United
                               States Department of Justice, Washington,
                               DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Edwin Javier Yunga Robles, Viviana Elizabeth Paucar Salazar, and their minor child, natives and citizens of Ecuador, seek review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Edwin Javier Yunga Robles, et al.*, Nos. A220 290 223/224/225 (B.I.A. Nov. 20, 2023), *aff'g* Nos. A220 290 223/224/225 (Immigr. Ct. N.Y.C. Feb. 21, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

---

\* The Clerk of Court is respectfully directed to amend the case caption as set forth above.

The BIA dismissed Petitioners' appeal as to withholding of removal and CAT relief because they waived challenges to certain of the IJ's dispositive bases for denying those forms of relief.[1]   Under these circumstances, our review is limited to whether the BIA's waiver decision was in error.  *See Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015).

"To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA."  *Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) (internal quotation marks omitted).  Before the BIA, Petitioners argued, without citing case law or record facts, that they established a fear of persecution on account of their membership in a cognizable social group and that they established a likelihood of torture.   But they did not mention or challenge the IJ's findings that they failed to establish that the Ecuadorian government is unable or unwilling to protect them, that they could not safely relocate to avoid harm, and that the Ecuadorian government would acquiesce in their torture.   As the BIA concluded, those unchallenged findings were dispositive of withholding of removal and CAT relief.  *See Jagdeep Singh v. Garland*, 11 F.4th 106, 114 (2d Cir.

---

[1] Plaintiffs also filed an application for asylum, which was deemed untimely by the IJ.   The BIA affirmed that conclusion, and Petitioners have explicitly abandoned the issue.

2021) ("To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." (internal quotation marks omitted)); *Scarlett v. Barr*, 957 F.3d 316, 332 (2d Cir. 2020) (clarifying that "to demonstrate persecution based on private party violence, an alien must show either that the government condoned the action or, even if it did not, that it was completely helpless to protect the victims"); *Steevenez v. Gonzales*, 476 F.3d 114, 117–18 (2d Cir. 2007) ("An alien's ability to relocate safely constitutes a ground, in and of itself, on which an IJ's denial of withholding of removal may be based[.]"); *Garcia-Aranda v. Garland*, 53 F.4th 752, 758–59 (2d Cir. 2022) (A CAT applicant has the burden to show that he or she is "more likely than not" to be tortured upon removal, which means that the "likely future harm will be inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." (internal quotation marks omitted)).

Accordingly, because Petitioners did not acknowledge or challenge before the BIA the IJ's findings that they failed to show that Ecuadorian officials were unable or unwilling to protect them, that they could not safely relocate, or that any

4

public official would acquiesce in their torture, the BIA did not err in finding that they waived review of those dispositive findings. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) ("[Petitioner] has abandoned any challenge to the IJ's denial of his claim . . . by failing to discuss [it] anywhere in his brief.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5